Marva P. COOKS, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General, Defendant–Appellee.

No. 03–2917.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 31, 2004.*

Decided Sept. 3, 2004.

Marva P. Cooks, Chicago, IL, pro se.

Thomas P. Walsh, Office of the United States Attorney, Chicago, IL, for Defendant–Appellee.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

## ORDER

Marva Cooks sued the United States Postal Service alleging, as relevant here, that she was discriminated against because of her gender, race, and disability. Cooks appeals the district court's grant of summary judgment in favor of the Postal Service, and we affirm.

Cooks began working for the Postal Service in 1970 in the operations support department. In 1981 Cooks fractured her right wrist; she has undergone four surgeries to repair the injury and has developed traumatic arthritis. Cooks also had a stroke in 1997. In 1998 Cooks's treating physician, Dr. James Schiappa, informed the Postal Service that Cooks could not use her right hand to lift, push, or pull any weight; perform simple grasping or fine manipulation; or reach above her shoulder. Based on these restrictions the Postal Service offered Cooks a reassignment to the stamp destruction unit. Dr. Schiappa approved the proposed job description, and Cooks accepted the new assignment provided that she would not have to perform

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

any repetitive motions with her right hand, that the temperature in the unit be maintained at 50 to 60 degrees, and that someone would bring the stamps to her and remove the bags of shredded material.

Cooks began working in the stamp destruction unit on November 2, 1998, but subsequently complained to her supervisor, Angela Clark, that she was being asked to lift boxes that were too heavy for her. Clark told Cooks not to lift the boxes and that she would move them for her. Nonetheless, Cooks filed several charges with the EEOC, claiming that the Postal Service had discriminated against her by reassigning her to the new position and giving her work assignments that exceeded her medical restrictions. Cooks, though, continued working in the stamp destruction unit until May 2000, when she began permanent disability leave. The EEOC issued a right-to-sue letter in August 2001, and Cooks filed this lawsuit with the district court in November 2001.

In July 2002 the district court dismissed all but two of Cooks's discrimination claims because she had not exhausted her administrative remedies. Cooks was allowed to proceed on her claims that the Postal Service had discriminated against her by reassigning her to the stamp destruction unit and giving her work that exceeded her medical restrictions. In March 2003 the district court enlisted an attorney to represent Cooks. In June the court granted summary judgment in favor of the Postal Service. The court held that Cooks had abandoned her claims of race and gender discrimination by conceding when deposed that her reassignment had not been due to her race or gender. The court also held that Cooks had not established a prima facie case of disability discrimination because she lacked sufficient evidence of a "disability" as the term is defined in the relevant anti-discrimination statute. The district court concluded, moreover, that even assuming a disability there existed no genuine issue of material fact as to whether the Postal Service accommodated Cooks when it reassigned her to the stamp destruction unit. It was undisputed, the court reasoned, that Cooks was given a modified assignment that she and her doctor had approved and that required her to perform duties only with her healthy left hand, and that Cooks's supervisor had told her that she did not have to lift any heavy boxes.

On appeal Cooks first argues that she did not abandon her race and gender discrimination claims. Cooks insists that her contrary concession "was an error in my deposition" but still she does not point to any evidence in the record that could support a race or gender discrimination claim. Even if she did not abandon these claims, she did not present evidence sufficient to create a material issue of fact. Summary judgment on these claims was thus appropriate.

Cooks also contests the determination that she lacks evidence of a disability. But we do not need to decide that question here because, even if Cooks is disabled, she has not provided evidence to show that the Postal Service discriminated against her when it reassigned her to the stamp destruction unit or failed to accommodate her after she was reassigned. It is undisputed that both Cooks and Dr. Schiappa approved her reassignment where she would not have to perform duties with her injured hand and that Cooks's supervisor had told her that she did not need to lift any heavy boxes. Because Cooks has not shown that there are any material issues of fact, summary judgment was appropriate.

AFFIRMED